## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTIRCT OF ILLINOIS, EASTERN DIVISION

**LEEROY PERKINS; MARCIA JACOBS; JOSE ANTONIO KOCH; JOHN DOE,** a Minor, through his Guardian, JOSE ANTONIO KOCH**; and JAMES DOE,** a Minor, through his Guardian, JOSE ANTONIO KOCH**,** *on behalf of themselves and all others similarly situated*,

  Plaintiffs

  v.

**COMMONSPIRIT HEALTH,**

  Defendant.

Case No. 1:22-cv-07313

Honorable Harry D. Leinenweber

**DEFENDANT'S MOTION TO DISMISS AMENDED CONSOLIDATED COMPLAINT**

Defendant CommonSpirit Health moves to dismiss the Amended Consolidated Complaint (ECF#21) under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

Defendant CommonSpirit Health was the victim of a crime resulting in the unauthorized access to certain files and deployment of ransomware on its system. None of plaintiff Koch's data was involved in this incident; with respect to the remaining plaintiffs, they were notified that only their *non-sensitive* information, limited to their names, addresses, phone number sand dates of birth was potentially accessed, and that, in any event, there was *no* evidence of *any* data misuse. Plaintiff responded with the filing of a threadbare complaint.

CommonSpirit's motion to dismiss should be granted for several reasons – each one providing a separate and independent basis for dismissal. Plaintiffs do not allege sufficient injury

to satisfy Article III standing required to confer this court with subject matter jurisdiction. Nor do plaintiffs adequately plead the requisite amount in controversy required under the Class Action Fairness Act. In addition, plaintiffs' negligence *per se* claim fails as a matter of law, and should be dismissed with prejudice, because it is not predicated on a strict liability statute as required. Plaintiffs' negligence claim also should be dismissed, because it is conclusory and threadbare; no Illinois court has recognized a common law duty to protect non-sensitive data. This court should not be the first court to do so. The breach of implied contract claim should also be dismissed because in Illinois**,** allegations of actual monetary damages, as well any implied agreement, must be alleged, and neither are here. Furthermore, in Illinois, unjust enrichment is not a separate cause of action, but is tied to a complaint's other claims. If those claims fail, so too does the unjust enrichment claim. That is the case here. Plaintiffs have also failed to plead essential elements of their unjust enrichment claim, including a required allegation that they failed to receive services that they paid for. Finally, insofar as plaintiffs have failed to adequately plead their substantive claims, their claim for declaratory relief also must be dismissed.

Accordingly, for the reasons set forth in greater detail in its accompanying Memorandum of Law in Support, CommonSpirit Health Systems respectfully requests the court to dismiss plaintiffs' complaint, and that such dismissal be with prejudice.

Dated: May 16, 2023

Respectfully Submitted,

**KENNEDYS CMK LLP**

/s/James J. Hickey
James Hickey
30 S. Wacker Drive, Suite 3650
Chicago, IL 60606
Tel: (312) 800-5029
Email: James.Hickey@kennedyscmk.com

Daniel Marvin, *pro hac vice*
570 Lexington Avenue, 8th Floor
New York, New York 10022
Tel: (646) 625-3952
Email: Daniel.Marvin@kennedyslaw.com

Joshua A. Mooney, *pro hac vice*
1600 Market Street, Suite 1410
Philadelphia, PA 19103
Tel: 267-479-6700
Email: Joshua.Mooney@kennedyslaw.com

*Counsel for Defendant*